RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/26/11
JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ERICK ZEPHYR,<br>　　Petitioner | CIVIL ACTION<br>1:11-CV-00253 |
| VERSUS | |
| DAVID DAUGHTY, et al.,<br>　　Respondents | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Erick Zephyr ("Zephyr"), a native and citizen of the Republic of Haiti (Doc. 8, Ex. 1, p. 29).

Zephyr was paroled into the United States on February 24, 1992 so he could seek political asylum, but his parole was revoked on May 9, 1994 (Doc. 8, Ex. 1, p. 29). In 2002, Zephyr admitted he had failed to adjust his status to that of a lawful permanent resident and he was not eligible for admission into the United States because he had been convicted in a Florida state court of five counts of attempted first degree murder, one count of possession of marijuana, and one count of possession of cocaine, and sentenced to a total of ten years imprisonment (Doc. 8, Ex. 1, pp. 19-20, 22, 25). In 2003, Zephyr was ordered removed to Haiti and Zephyr did not appeal that order (Doc. 8, Ex. 1, p. 37). Zephyr finished serving his sentence of imprisonment and was taken into ICE custody in June 2010 (Doc. 8, Ex. 1, pp. 54-55).

Zephyr contends he has been detained by Immigration and Customs Enforcement ("ICE") since June 9, 2010, and that ICE has not been able to obtain travel documents despite Zephyr's full cooperation. Zephyr alleges he also requested voluntary deportation, but was told that Haiti was not accepting anyone. Zephyr contends he has exhausted his administrative remedies, he has written to Headquarters Travel Document Unit ("HQ TDU") but has not received a reply, and the Haitian consulate in Miami told Zephyr that no one from ICE had contacted them about him. Zephyr argues he is entitled be released pending removal, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001), because he has been detained more than six months and there is no significant likelihood of his removal to Haiti in the reasonably foreseeable future. The sole relief sought by Zephyr is release from detention pending removal from this country. Zephyr is presently detained in the LaSalle Detention Facility in Jena, Louisiana.

The Respondent shows that Zephyr had custody reviews in September and December 2010, and his custody was continued each time (Doc. 8, Ex. 1, pp. 54-62, 71-73). On March 11, 2011, pursuant to another custody review, it was determined that Zephyr should remain in custody, while the HQ TDU indicated Zephyr would be on the fourth charter flight (Doc. 8, Ex. 1, p. 91).

The Respondent submitted an affidavit by Mark R. Lenox, Deputy Assistant Director of the U.S. Department of Homeland Security and

2

who is directly responsible for the Removal management Division and the Travel Document Unit (Doc. 8, Ex. 2). Lenox shows in his affidavit that the government has lifted the temporary suspension of removal of Haitians, which was imposed after the January 12, 2010 earthquake in Haiti (Doc. 8, Ex. 2). The Respondent further shows, in Lenox's affidavit, that charter flights to Haiti have left on January 12, 2011, January 20, 2011, April 15, 2011, and May 11, 2011, that future flights are scheduled to occur every few weeks, and Zephyr is scheduled to leave on the next chartered flight after his travel document request package is finalized (Doc. 8, Ex. 2). Lenox states in his affidavit that he is familiar with Zephyr's case and does not foresee any difficulties regarding approval of Zephyr's travel packet (Doc. 8, Ex. 2).

The purpose of post-removal detention is to have an alien available when it comes time to actually remove him to another country. Zadvydas v. Davis, 533 U.S. 678, 690, 121 S.Ct. 2491, 2499 (2001). The presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future." However, this 6-month presumption does not mean that every alien not removed must be released after six months. An alien may be held in confinement until it has been determined that there is no significant

3

likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505. Also, Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716 (2005).

The Respondent has shown that Zephyr has remained in detention pending lifting of the suspension of all removals to Haiti following the 2010 earthquake there, removals began again in January 2011, and Zephyr has been slated for removal as soon as his travel documents are finalized. Therefore, the Respondent has carried its burden of showing there is a significant likelihood that Zephyr will be removed to Haiti in the reasonably foreseeable future. If Zephyr is not removed soon or some new impediment to removal arises, he may file another habeas petition. At this time, Zephyr's habeas petition should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Zephyr's habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual**

findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Alexandria, Louisiana on the 26th day of July, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE